AGUSTÍN FÁBREGAS ET AL., Plaintiffs and Appellants, v. THE MAYAGÜEZ LIGHT, POWER & ICE COMPANY, Defendant and Appellee.

No. 5302. Argued February 5, 1931.—Decided March 11, 1932.

*Oscar Souffront* for appellants. *J. Alemañy Sosa* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

The hurricane which struck this Island on September 30, 1928, pulled down the two chimneys of the electric plant of the Mayagüez Light, Power & Ice Co. On the following day the company confided to Agustín Fábregas and Henry Barreda the technical direction of the work of restoring the two chimneys, the work to be done as quickly as possible. No price was stipulated at first. Some days later the sum of $1,250 was agreed upon to be paid by the company to Fábregas and Barreda as compensation for the services contracted. The work was started at once and 19 days afterward, when protests were made by the public who were without electric light service, the company engaged another person to complete the work inasmuch as they deemed that the same was proceeding too slowly, since the smaller of the two chimneys had not yet been erected.

Fábregas and Barreda had already been paid $450, but as they objected to the decision of the company, they brought this action for damages against it for breach of contract. They sought to recover the sum of $800, or the balance to the contract price for the work which they had promised to perform and which they alleged they had commenced well and faithfully and would likewise have completed if the defendant had not prevented them from so doing.

The case went to trial, and based upon the evidence adduced by the parties the court found that the company had been justified in acting as it did, and that the amount paid by the company to the plaintiffs for the part of the work actually performed by them was sufficient.

The plaintiffs appealed and assigned in the brief seven errors which they have argued ably and extensively. We have carefully examined the evidence and in our judgment there is not sufficient basis for concluding that the same was not properly weighed by the trial court.

The defendant company was furnishing electric light service to the municipalities of Mayagüez, San Germán, Cabo Rojo, Lajas, and Hormigueros. The work was contracted for to be completed within the shortest time possible. There is no doubt as to the competency of the plaintiffs, but judging from the hours consumed as recorded in the vouchers and from the results obtained, it is evident that they were proceeding so slowly as to justify the protests from the public which compelled the company to take action. The company apparently was not losing anything by reason of the delay, since its losses were covered by insurance.

Under the circumstances, it was the duty of the company to push the work. Perhaps it ought to have taken action before. Rapidity of performance was an essential element of the contract.

Section 1877 of the Civil Code of Puerto Rico as revised and published, pursuant to Joint Resolution No. 18 of 1930 (sec. 1091 of the former code), provides in its pertinent part as follows:

"The right to rescind the obligations is considered as implied in mutual ones, in case one of the obligated persons does not comply with what is incumbent upon him.

"The person prejudiced may choose between exacting the fulfillment of the obligation or its rescission, with indemnity for damages and payment of interest in either case. He may also demand the rescission, even after having requested its fulfillment, should the latter appear impossible."

The party prejudiced elected to rescind and it has been held that the sum paid by it was sufficient. On this point the district court says in its opinion (and in our judgment, its conclusion is supported by the evidence):

"The contract referred to the work of erecting both chimneys, of connecting the smokestack of chimney No. 2 with boilers Nos. 2 and 3 and of putting in place the chimney caps and guys. One of the chimneys is 90 feet high and the other 125 feet, making a total of 215 feet. The plaintiffs erected the first chimney to a height of

57½ feet, or 26.74 per cent of the combined height of the chimneys contracted for. The price agreed upon by the plaintiffs was $1,250 for the entire work. They received on account $450, or 36 per cent of the total contract price, while executing 26.74 per cent of the work as far as the aggregate height of the chimneys is concerned. The remaining work consisted in disconnecting the parts of the other chimney; but the supervision of this work is of no great importance.''

The judgment appealed from must be affirmed.